# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>PHILLIP SCHMIDT,<br><br>    Defendant. | 8:19CR73<br><br>**ORDER OF DETENTION PENDING TRIAL** |

   The matter came on for hearing upon the court's own motion and the government's Motion to Review and Revoke Conditions of Release pursuant to 18 U.S.C. § 3145. [Filing No. 27.] The defendant was represented by Stuart Dornan and the Government was represented by Jody Mullis. Evidence was adduced and arguments were made. The court finds that information exits that was not known to the government or the court at the time of the defendant's initial appearance and arraignment. The court further finds that this information has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of any other person and the community. The court finds that the government's motion, Filing No. 27, should be granted. The court further finds that the defendant's conditions of release should be revoked and the defendant should be detained pending further order of the court.

   This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

   There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses: an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425. The defendant was previously released on conditions, so the court finds that the defendant previously presented evidence sufficient to rebut the presumption, but after considering the presumption, the new information and the other factors discussed below, detention is warranted.

   After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven: By clear and convincing evidence that no condition or combination of conditions of release will

reasonably assure the safety of any other person and the community; and by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following: subject to lengthy period of incarceration if convicted, the nature and circumstances of the offense charged, the nature and seriousness of the danger posed by the defendant's release and the defendant being charged in state court with a felony, Sexual Assault on a child 3rd Degree.

The defendant is currently in state custody. This order will be held in abeyance until such time as he comes into federal custody. The United States Marshal for the District of Nebraska is directed to place a detainer with the correctional officer having custody of the defendant.

Once the defendant comes into federal custody the defendant shall be remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated this 27th day of June, 2019.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge